UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CASE NO. 99-CV-60308
HONORABLE GEORGE CARAM STEEH

GERALD JOHNSON, JR.,

    Defendant.
_____/

**ORDER DENYING OBJECTION TO WRIT OF GARNISHMENT (Doc. 18)**

This is a student loan action. On July 15, 2014, the government filed a writ of garnishment with defendant Gerald Johnson Jr.'s employer, the Ford Motor Company. On December 10, 2015, defendant filed an "affidavit of material facts" which this court construes as an objection to garnishment pursuant to this court's duty to construe pro se filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Defendant objects to the writ of garnishment for three reasons: (1) the debt is time-barred, (2) he never received a garnishee disclosure, and (3) the debt should have been stayed pending his bankruptcy petition which he filed on June 17, 2014, and which was concluded on January 16, 2015. For the reasons set forth below, defendant is not entitled to relief.

As an initial matter, it appears that defendant's objection to the writ of garnishment may be untimely as the garnishee, Ford Motor Company("Ford"), filed its answer to the writ of garnishment on September 12, 2014. A judgment debtor of the United States is given

20 days after receipt of the garnishee's answer to file his or her objection and request for a hearing. 28 U.S.C. § 3205(c)(5). Having reviewed Ford's answer, however, it is unclear if Ford actually served defendant with its answer. (Doc. 17). Accordingly, this court shall not deny defendant's objection to the writ on the basis of untimeliness. The court now considers defendant's objections on the merits.

First, the debt is not time-barred. The Higher Education Technical Amendments of 1991 (HETA) eliminated a six-year statute of limitations for student loan collections in 20 U.S.C. § 1091a(a) and thus, no limitations period applies to the collection of student loan debts. *United States v. Brown*, 7 F. App'x 353, 354 (2001). Second, as to the claim that defendant never received the "garnishee disclosure," the court assumes he means the garnishee answer. Taking as true defendant's allegation, that is not a proper basis for quashing the writ of garnishment, but the court shall excuse any untimeliness on this basis. Moreover, the docket indicates that defendant was served with the Clerk's Notice of Garnishment, the Writ of Continuing Garnishment, and forms for the defendant to use to request a hearing or file a claim for exemptions. (Doc. 16).

Third, the court considers whether the wage garnishment should have been stayed pending his bankruptcy petition. The Sixth Circuit has held that the automatic stay provision of Chapter 7 applies to education loans and remains in effect until the case is closed, dismissed, or a discharge is granted or denied. *In re Merchant*, 958 F.2d 738, 742 (1992). In this case, defendant's student loans were not discharged in bankruptcy. Defendant received a standard discharge under 11 U.S.C. § 727. Accordingly, defendant would not be entitled to the return of any amounts that were garnished during the pendency

of the bankruptcy proceeding, and defendant's argument is now moot. Accordingly, defendant's objection to the writ of garnishment (Doc. 18) is DENIED.

**IT IS SO ORDERED**.

Dated: December 17, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 17, 2015, by electronic and/or ordinary mail and also on Gerald E. Johnson Jr., 15390 Hubbell St., Detroit, MI 48227.

s/Barbara Radke
Deputy Clerk